UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00208

———

**William McCalister,**
*Plaintiff,*

v.

**United States Liability Insurance Company et al.,**
*Defendants.*

———

## OPINION AND ORDER

At issue in this insurance-coverage dispute is plaintiff's motion to remand the case back to state court for lack of subject-matter jurisdiction. Doc. 11. This hinges on whether plaintiff improperly joined defendant Amanda DeShazo, the insurance agent who sold the policy to plaintiff. DeShazo and plaintiff are both domiciled in Texas, so her presence would prevent this court from exercising subject-matter jurisdiction. For the reasons stated below, the court defers ruling on this motion until plaintiff has the opportunity to amend his original pleadings.

### I.  Procedural Background

Plaintiff filed his original petition in Texas state court, naming as defendants United States Liability Insurance Company (USLIC); Texas Security General Insurance Agency, LLC (TSGIA); and Amanda DeShazo. Doc. 2. The petition alleged that plaintiff bought a commercial inland insurance policy from USLIC through TSGIA and DeShazo. It further alleged that the policy covered a piece of Bobcat equipment that incurred damage, that the incident did not involve any "excluded activities" under the policy, and that defendants refused to pay for the damage. *Id.* at 3. Finally, the petition alleged that "Defendant De[S]hazo is/was an agent for Defendant United States Liability Insurance Company through Texas Security General Insurance that was involved in wrongfully denying this claim and/or negligently adjusting the claim." *Id.* at 3.

The petition asserted claims under the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and common-law breach of contract. Mostly these claims fit into two categories: misrepresentation and denial. The former pertains to front-end misrepresentations about the scope of the policy. *E.g.*, Tex. Ins. Code § 541.061(1) ("It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by . . . making an untrue statement of material fact . . . ."); Tex. Bus. & Comm. Code § 17.46(b)(5) ("The term 'false, misleading, or deceptive acts or practices' includes . . . representing that goods or services have . . . characteristics . . . which they do not have . . . ."). The latter pertains to back-end handling of the claim. *E.g.*, Doc. 2 at 5 ("Defendants breached their contractual obligations to Plaintiff by failing to properly evaluate and pay Plaintiff's total home loss.").

Defendant USLIC filed a notice of removal on June 10, 2024, with TSGIA's consent. Doc. 1. The notice alleged the following to establish diversity jurisdiction: USLIC is a Pennsylvania corporation with a Pennsylvania principal place of business, TSGIA is a Florida corporation with a Florida principal place of business, and plaintiff is a Texas resident. And though it conceded that DeShazo is a Texas resident, it argued that plaintiff improperly joined her. Finally, the notice alleged that the amount in controversy, based on plaintiff's original petition, "clearly exceeds" $75,000 because plaintiff alleged that it does not exceed $250,000. *Id.* at 12.

Plaintiff, in response, filed a motion to remand. Doc. 11. That motion, now before the court, makes two principal arguments: The first is that defendants failed to establish the citizenship of TSGIA because TSGIA is an LLC—not a corporation—and the notice of removal alleges facts relevant to corporate domicile. The second argument is that DeShazo was properly joined. It sets out, for the first time, detailed factual allegations that DeShazo misrepresented the scope of the policy in her dealings with plaintiff.

It also includes plaintiff's declaration in support of plaintiff's motion, which supports these allegations. Doc. 11-1 ¶ 9. The declaration also clarifies that DeShazo was not involved in adjusting the claim or denying coverage, contrary to the original petition (Doc. 2 ¶ 4.05).

The court agreed that the notice of removal was insufficient to establish TSGIA's citizenship for diversity purposes and issued a show-cause order directing defendants to allege LLC-citizenship facts—specifically, the citizenship of each of TSGIA's members. Doc. 12. The order also directed defendants to supplement the citizenship allegations about the natural persons (plaintiff and DeShazo) because the allegations concerned residency rather than domicile.

Defendants address these deficiencies in their response. Doc. 14. As to the LLC-citizenship issue, defendants allege and provide evidence that TSGIA is a Florida citizen. Per the response, TSGIA's sole member is Hull & Company, LLC, whose sole member is Bridge Specialty Wholesale, Inc. *Id.* at 4. Bridge Specialty Wholesale, in turn, is a Florida corporation wholly owned by Brown & Brown, another Florida corporation with a principal place of business in Florida. And lastly, TSGIA's officers coordinate the business activities from Florida. This is enough to establish that Bridge Specialty Wholesale's principal place of business is Florida, making it a Florida citizen. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 484 (5th Cir. 2014) ("[A] corporation is the citizen of its principal place of business and place of incorporation."). That means that a Florida citizen is the sole member of Hull & Company, which is the sole member of TSGIA. TSGIA's Florida citizenship is thus established. *See Harvey v. Grey Wolf Drilling, LLC*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). Regarding DeShazo and plaintiff, defendants allege that they are both Texas citizens. Doc. 14 at 4–5. And plaintiff does not contest that he seeks more than $75,000. *See* Doc. 11.

Therefore, the sole issue before the court is whether plaintiff's joinder of DeShazo was improper.

## II. Analysis

The statutory basis for removal is 28 U.S.C. § 1441(a), which provides that defendants may remove from state court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The relevant limitation is found in the next subsection: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). As alluded to above, the basis for subject-matter jurisdiction in this case is diversity of citizenship under § 1332(a). Thus, if DeShazo was properly joined, then this court lacks jurisdiction and must remand. *See id.* § 1447(c).

The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). This is accomplished by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Defendants choose the second method. Doc. 14 at 5–6. To prevail, they must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Again, there are two ways to do this: (1) "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant"; or (2) "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* However, this latter method "is appropriate only to identify the presence of discrete and undisputed facts

- 4 -

that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74.

In conducting the 12(b)(6)-type analysis under the first method, a court must apply the federal standard, not the state standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200, 208 (5th Cir. 2016). That is, a court looks to the original petition filed in state court and asks whether it satisfies the federal pleading standard found in Federal Rule of Civil Procedure 8 (or 9) and expounded in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Id.* The analysis is two-pronged. First, the court begins "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Here, as an initial matter, it is appropriate to pierce the pleadings and look to the evidence because the parties agree on a point dispositive of some of the claims. In other words, there is an undisputed, discrete fact that would preclude plaintiff's recovery against the in-state defendant as to one category of claims. *See Smallwood*, 385 F.3d at 573–74. Plaintiff admits in his declaration that DeShazo did not have anything to do with adjusting the claim. Doc. 11-1 ¶ 9. DeShazo's affidavit demonstrates agreement on this point. Doc. 1-12 ¶ 4. Accordingly, plaintiff has no reasonable basis for recovery against DeShazo on any claims that rely on adjustment or denial, as opposed to misrepresentation.

The court now turns to the claims of misrepresentation. These are the two statutory claims—under the Texas Deceptive Trade Practices Act and the Texas Insurance Code. First is the legal-conclusions step. Plaintiff's petition has a factual background section and three sections for his three causes of action.

The cause-of-action sections essentially recite the applicable legal standards, largely copied and pasted from the statutes. Although they incorporate the above section of facts by reference, they do not contain any additional, specific factual allegations beyond that "Plaintiff was insured under the insurance policy." Doc. 2 at 3. They merely argue that "Defendants" violated the law. Accordingly, other than that plaintiff was insured under the policy, the allegations in sections V and VI of the complaint are not entitled to be presumed true. *See Iqbal*, 556 U.S. at 679.

Next is the second step—the determination whether plaintiff has pleaded sufficient factual allegations. Rule 9(b)'s heightened pleading standard might apply here. *See Bates-Cooper Sloan Funeral Home, LLP v. W. Am. Ins. Co.*, No. 5:23-cv-00101, 2024 WL 1627240, at \*5 (E.D. Tex. Mar. 28, 2024) (finding Rule 9(b) applicable to improper-joinder analysis involving claims of misrepresentation under the Texas Insurance Code), *report and recommendation adopted*, No. 5:23-cv-00101, 2024 WL 1622626 (E.D. Tex. Apr. 15, 2024); *accord Int'l Energy Ventures Mgmt.*, 818 F.3d at 203 (noting that Rule 12(b)(6)-type analysis under improper joinder incorporates "Rule 8 and—in specific circumstances—Rule 9"). But whether it applies or not, plaintiff does not satisfy either standard.

To recap plaintiff's factual allegations in the original petition (now that it has been established that DeShazo was not responsible for denying the claim): plaintiff purchased the policy through DeShazo, the property sustained a loss, and defendants will not pay. Assuming the allegations to be true, that does not at all imply that DeShazo *misrepresented* the scope of the policy. Insurance-coverage disputes happen regularly and for a variety of reasons. The mere existence of a disagreement does not make reasonable the conclusion that the person who sold the policy misrepresented something material about it. Therefore, plaintiff has failed to show a reasonable basis for relief as to both the denial claims and the misrepresentation claims.

However, as mentioned above, plaintiff's motion to remand and declaration in support contain more detailed allegations about the misrepresentation claims. There, plaintiff argues that DeShazo advised him that the policy would provide coverage for use of the Bobcat equipment near water and that the denial of his claim stems from USLIC's exclusion of water damage. Doc. 11-1 ¶ 11. If true, this may be actionable. *See, e.g.*, Tex. Bus. & Comm. Code § 17.50(a)(1). But because *Smallwood* allows a court to pierce the pleadings "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," it would be inappropriate to consider the motion and declaration to repair the deficiencies in plaintiff's original petition. 385 F.3d at 573–74.

As the Fifth Circuit recently noted, "a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought." *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024). In *Palmquist*, the court looked at the post-removal amended pleadings rather than the pre-removal original pleadings to conduct the Rule 12(b)(6)-type analysis. *Id.* at 303–04 (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment.")). The court distinguished such a case from one where post-removal amendment is not permissible: where the state-court petition "simply [did] not allege any facts against [the non-diverse defendant]." *Id.* at 303 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.8 (5th Cir. 1995)). Here, to the contrary, plaintiff alleged in state court that he purchased the policy through DeShazo. Though not enough to satisfy the federal standard, it distinguishes this case from *Cavallini*.

For those reasons, amendment is the proper way to resolve the improper-joinder issue. *See* Fed. R. Civ. P. 15(a)(2).

### III. Conclusion

In sum, it is factually undisputed that DeShazo had nothing to do with denying plaintiff's claim. Plaintiff also failed to meet the federal pleading threshold on his claims that DeShazo misrepresented his insurance policy to him. However, plaintiff should not suffer a penalty for failing to adhere to federal pleading standards in state court. Accordingly, plaintiff is ordered to move for leave to amend his original state court petition within three weeks of the date of this order. Plaintiff must attach to his motion the amended petition, which must allege the misrepresentation claims with factual specificity and in accordance with this opinion. If plaintiff fails to do this, then his motion to remand (Doc. 11) will be denied, and his claims against DeShazo dismissed.

*So ordered by the court on September 27, 2024.*

J. CAMPBELL BARKER
United States District Judge